**Roger BIEROS, Plaintiff,**

v.

**Police Chief NICOLA, Detective Cane, Officer Boland, Officer Martynuik, Officer Pizza, Officer Vuotto, Glenn Gerber, Esq., Dan Glammer, Esq., John Armstrong, Esq., Jeanette Dickerson, Esq., Michael F. Hamel, Nancy S. Samodelov, One Unknown Bridgeport Police Officer, Defendants.**

No. 93–4485.

United States District Court,
E.D. Pennsylvania.

July 13, 1994.

Roger Bieros, pro se.

Jonathan F. Altman, Altman & Associates, Philadelphia, PA, for defendants.

**446**

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

Plaintiff, a *pro se* prisoner incarcerated at the state correctional institution in Graterford, Pennsylvania, has brought a motion for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, in order to prohibit retaliatory action by defendants. For the reasons that follow, this motion will be denied.

In order to succeed under Rule 65(b), it must clearly appear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed.R.Civ.P. 65(b) (1994). The standards for a temporary restraining order are the same as those for a preliminary injunction. *Friedberg v. Burns,* No. CIV. A. 93–6626, 1993 WL 533361, at 3 (E.D.Pa. Dec. 16, 1993). Thus, plaintiff must demonstrate: 1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting relief will be in the public interest. *Frank's GMC Truck Center, Inc. v. G.M.C.,* 847 F.2d 100, 102 (3rd Cir.1988); *Ecri v. McGraw–Hill, Inc.,* 809 F.2d 223, 226 (3rd Cir.1987). In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury. *Ecri,* 809 F.2d at 226 (citations omitted). Nor is it enough for the harm to be serious or substantial, rather, it must be so peculiar in nature that money cannot compensate for the harm. *Id.* (citations omitted).

In this case, plaintiff alleges in his motion the following:

> 2. Defendants and their agents have absolute authority and control over and through said institution [Graterford], and possess the administrative power to circumvent any and all efforts in pursuing these matters. 3. Agents of the defendants have threaten [sic] to confiscate all materials relevant to this action and all legal materials in possession of plaintiff/petitioner. 4. On or about September 8, 1993, agents of defendants informed that he was to be transferred and he could not take the voluminous amount of legal material owned by him and subsequently would be denied access to the court by their actions. . . .

Plaintiff now seeks relief pursuant to 42 U.S.C. § 1997d, which prohibits retaliation against institutionalized persons.

It is clear from the above portions of plaintiff's motion that he has not sufficiently proven that he is entitled to this extraordinary relief. First, plaintiff alleges that he was told in September 1993 that he was going to be transferred and that his legal materials would be confiscated. Even if that were true, plaintiff is only now seeking a temporary restraining order, some 10 months later. That hardly satisfies the immediacy requirement. Second, plaintiff has not adequately alleged specific facts in his motion (which does not include an affidavit), nor is there any indication of immediate, irreparable harm apparent from the face of his complaint. It is not specified who made the threats in this case, when they were made, if plaintiff is actually going to be transferred, and if any steps have been made toward carrying out the threats.

Third, it is not altogether clear that plaintiff has even brought this motion against the proper parties. Plaintiff filed this motion and included two case numbers on the motion,[1] although these two actions have not been consolidated. In *Bieros v. Nicola,* No. 93–4485, plaintiff has brought suit alleging violations of his civil rights by various police officers, attorneys in the Montgomery County Public Defender's Office and probation officers for Montgomery County, in connection with his arrest and subsequent assault conviction for which he is now incarcerated. However, none of those defendants are actually agents of Graterford Prison. Further, *Bieros v. Vaughn,* No. 93–6112, a case where plaintiff was seeking habeas corpus relief, has been closed since February 1994. There

---

1. Plaintiff also included the case number of *Bieros v. Vaughn,* No. 93–6112 on his motion, another case which was previously before this writer.

is no indication from the motion how any of the above defendants in the two actions have any authority or control over the correctional institution at Graterford.

As a final note, even if this Court was to grant plaintiff the requested relief, it would be impossible to administer because plaintiff is seeking a restraining order against alleged future retaliation. Thus, he is asking this Court to prevent persons from doing something that is entirely speculative in nature, based upon "threats" made by unspecified persons over ten months ago. This requested relief is certainly not within the realm of Rule 65(b), and therefore plaintiff's motion is denied.

## ORDER

AND NOW, this 13th day of July, 1994, upon consideration of plaintiff's motion for a preliminary injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and defendants' response thereto, it is hereby ORDERED that plaintiff's motion is DENIED.